IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VICKY HOANG NGUYEN, | ) |
| *Plaintiff*, | ) |
| v. | ) 1:23-cv-193 (PTG/IDD) |
| KHOA DANG HOANG, | ) |
| *Defendant*. | ) |

## ORDER

This matter comes before the Court on the July 9, 2025 Report and Recommendations ("R&R") from Magistrate Judge Ivan D. Davis regarding Plaintiff Vicky Hoang Nguyen's Motion for Default Judgment (Dkt. 20) against Defendant Khoa Dang Hoang. Dkt. 26. Judge Davis advised the parties that objections to the R&R must be filed within fourteen days of service, and failure to object waives appellate review. *Id.* at 26. Plaintiff filed timely objections. Dkt. 27.

When reviewing a magistrate judge's R&R, the Court must make a *de novo* determination of those portions of the R&R to which objections, if any, are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court is authorized to accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. *Id.* "[O]bjections must be specific and particularized . . . to direct the attention of the district court to 'only those issues that remain in dispute after the magistrate judge has made findings and recommendations.'" *United States v. Kotzev*, No. 1:18-cv-1409, 2020 WL 1217153, at *3 (E.D. Va. Mar. 11, 2020) (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)).

Plaintiff's objections pertain to Judge Davis's recommendations as to Counts II and III on identity theft, Count IV on aggravated identity theft, Count V on forgery and uttering, Count VI

1

on tax fraud, Count VII on Maryland tax fraud, Count VIII on Virginia tax fraud, Count XI on intentional infliction of emotional distress, and Count XII on negligence.[1] Dkt. 27. The Court overrules Plaintiff's objections for the reasons that follow.

### *Counts II and III (Identity Theft Pursuant to Va. Code § 18.2-186.3)*

Plaintiff contends that she is entitled to damages from Defendant for his statutory violations of Virginia Code § 18.2-186.3 from identity theft. *Id.* at 3. However, as Judge Davis correctly concludes, § 18.2-186.3 is a criminal statute and does not provide a private right of action. Dkt. 26 at 15-16; *Petersen v. DC Mech., LLC*, 2022 WL 22695554, at *1 (E.D. Va. Aug. 24, 2022) (citing *Black & White Cars, Inc. v. Groome Transp. Inc.*, 442 S.E.2d 391, 394 (Va. 1991)). Plaintiff does not directly dispute this finding but rather reframes the identity theft counts as negligence *per se* claims. Dkt. 27 at 5. Plaintiff never raised this argument before Judge Davis, and "[a] magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991). Accordingly, the Court overrules Plaintiff's objection as to Counts II and III.

### *Count IV (Aggravated Identity Theft, 18 U.S.C. §§ 1028A, 1344)*

Similarly, Plaintiff objects to Judge Davis's recommendation as to Count IV on the basis of a new negligence *per se* argument. Dkt. 27 at 3. For the reasons stated above, the Court overrules Plaintiff's objection and adopts Judge Davis's conclusion that the federal identity theft statutes set forth criminal liability, not a private cause of action or civil remedy. Dkt. 26 at 17;

---

[1] Further, while Plaintiff does not object to the Magistrate Judge's finding as to Count IX (Conversion of Audi SUV), she requests leave to amend to correct the Complaint to state "conversion of the $20,000" instead of "conversion of the vehicle." Dkt. 27 at 2. The Court finds no good cause to permit leave to amend given its order granting default judgment as to Count IX below.

*Rahmani v. Resorts Int'l Hotel Inc.*, 20 F. Supp. 2d 932, 937 (E.D. Va. 1998), *aff'd*, 182 F. 3d 909 (4th Cir. 1999). Accordingly, the Court overrules Plaintiff's objection as to Count IV.

### *Count V (Forgery and Uttering)*

Plaintiff's objections to Judge Davis's recommendation as to Count V echo her prior arguments in the Motion for Default Judgment. Dkt. 27 at 5. As with Counts II and III, Count V is premised on a Virginia criminal statute that does not "provide a standalone right of action[.]" *Miller v. Colonial Pipeline Oil Co.*, 2022 WL 2718555, at *4 (E.D. Va. June 24, 2022), *aff'd sub nom. Miller v. Colonial Pipeline Co.*, 2022 WL 17848953 (4th Cir. Dec. 22, 2022) (citing *Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2009 WL 302161, at *4 (E.D. Va. Feb. 6, 2009)). Plaintiff offers no objection beyond Plaintiff's "personal interest and a personal right not to have her signature be forged." Dkt. 27 at 5. Accordingly, the Court overrules Plaintiff's objection as to Count V.

### *Count VI (Federal Tax Fraud)*

Plaintiff argues that the R&R erroneously relies on 26 U.S.C. § 7401 with respect to Count VI and instead argues that 26 U.S.C. § 7434 for civil damages applies. *Id.* However, the Complaint states a claim under 26 U.S.C. § 7201, not § 7434, and Plaintiff cannot raise the issue for the first time in her objections. Dkt. 1 ¶¶ 71-76. As Judge Davis notes, 26 U.S.C. § 7201 is a criminal provision. Dkt. 26 at 18. Further, Plaintiff is correct that 26 U.S.C. § 7401 applies to actions by the United States. Dkt. 27 at 6. Indeed, as the R&R reasons, courts have read § 7401 to confer exclusive jurisdiction over tax matters to the Internal Revenue Service, such that "there is no private right of action to recover taxes on behalf of the government." *See Troy McRae v. Joseph Norton*, 2012 WL 1268295, at *4 (E.D.N.Y. Apr. 13, 2012); *see also U.S. ex rel. Lissack v. Sakura*

*Glob. Cap. Mkts., Inc.*, 377 F.3d 145, 153 (2d Cir. 2004) ("[T]he IRS has exclusive jurisdiction over tax matters[.]"). Accordingly, the Court overrules Plaintiff's objection as to Count VI.

### *Counts VII (Maryland Tax Code § 13-1024 – Willfully Providing False Tax Information) and VIII (Virginia Tax Fraud Code § 58.1-452 – Fraudulent Returns)*

On both Counts VII and VIII, Plaintiff's objections do not address the crux of the R&R: that neither the Maryland nor Virginia tax statutes confer a private right of action. Dkt. 27 at 18-19. Rather, Plaintiff reiterates arguments from the Motion for Default Judgment, which are not directly responsive to Judge Davis's reasoning. *See* Dkt. 21 at 17-18. "Simply restating a previously made argument does not satisfy the specificity requirement of objections." *Abou-Hussein v. Mabus*, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 Fed. Appx. 518 (4th Cir. 2011). Accordingly, the Court overrules Plaintiff's objections as to Counts VII and VIII.

### *Count XI (Intentional Infliction of Emotional Distress)*

With respect to Count XI, Plaintiff challenges Judge Davis's findings that Plaintiff did not adequately allege the elements of outrageous conduct and severe distress required for a successful intentional infliction of emotional distress ("IIED") claim. Dkt. 27 at 9-14. Under Virginia law, outrageous conduct under IIED is characterized as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991). Plaintiff suggests that where a crime involves lengthy imprisonment, it meets the standard for outrageous conduct. Dkt. 27 at 10-11. That is not the case. Rather, the bar for outrageous conduct is extremely high. *See Harris v. Kreutzer*, 624 S.E.2d 24, 33-34 (Va. 2006). Plaintiff's allegations about Defendant's fraudulent activities, while unfortunate, do not amount to the high bar of "so extreme in degree, as to go beyond all possible bounds of decency." *Russo*, 400 S.E.2d at 162; *see also Harris*, 624 S.E.2d at 33-34 (finding allegations insufficient to support outrageous conduct

4

where defendant "verbally abused [plaintiff], raised his voice to her, caused her to break down in tears . . .").

Further, an IIED claim can only succeed where the Plaintiff has shown "emotional distress is extreme . . . and so severe that no reasonable person could be expected to endure it." *Id.* The Virginia Supreme Court in *Russo v. White* found the plaintiff's distress did not meet the bar of severe under an IIED claim where she never alleged "that she had any physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Id.* at 163. Furthermore, in *Harris v. Kreutzer*, the court similarly found that the alleged distress was not severe enough for IIED even where the plaintiff had physical symptoms that required psychological treatment and counseling. 624 S.E.2d at 34. Plaintiff's allegations here are nearly identical to those in *Russo* and *Harris*. Dkt. 1 ¶ 42. However, those allegations, under Virginia law, do not meet the high standard of severity for IIED. Accordingly, the Court overrules Plaintiff's objection as to Count XI.

### *Count XII (Negligence)*

Finally, Plaintiff objects to the R&R's findings as to Count XII on negligence. Dkt. 27 at 14. The R&R concludes that Plaintiff's allegations do not amount to negligence, where the conduct alleged is intentional in nature. Dkt. 26 at 22-23. Further, the R&R finds that Defendant's alleged actions "do not demonstrate traits associated with gross negligence or willful and wanton negligence, such as 'absence of slight diligence, [] the want of even scant care,' or reckless indifference to consequences." *Id.* (quoting *Green v. Ingram*, 608 S.E.2d 917, 924 (Va. 2005); and citing *Griffin v. Shively*, 315 S.E.2d 210, 213 (Va. 1984)).

First, although Plaintiff agrees that Defendant's actions were "intentional" and "malicious," Plaintiff nonetheless argues that his actions demonstrate a "failure to use ordinary

care" under the tort of negligence. Dkt. 27 at 14. It is well-established that a party cannot prevail on a simple negligence claim based on an intentional act. *Smith v. Lusk*, 533 F. App'x 280, 284 (4th Cir. 2013); *Johnson v. Westlake Flooring Co.*, LLC, 744 F. Supp. 3d 622 (E.D. Va. 2024). Therefore, Defendant's intentional and malicious conduct cannot be a basis for a simple negligence claim.

With respect to the R&R's findings on gross negligence and willful and wanton negligence, Plaintiff reiterates the same points she made in the Motion for Default Judgment. *Id.*; *see also* Dkt. 21. This does not meet the specificity requirement of R&R objections. *Abou-Hussein*, 2010 WL 4340935, at *1. Nor does Plaintiff offer any argument beyond a conclusory restatement of the legal standards. Dkt. 27 at 15-17.

Finally, Plaintiff contends the Magistrate Judge failed to address her negligence *per se* claims, which suggest that Defendant's violation of several criminal statutes amounts to violating a duty under a negligence theory. Dkt. 27 at 14-15. The doctrine of negligence *per se* is not a distinct cause of action. Rather, the doctrine posits that a statute can establish a "standard of care" under the elements of common law negligence, provided that the plaintiff establishes the other elements of negligence. *Talley v. Danek Med., Inc.*, 179 F.3d 154, 158 (4th Cir. 1999). Therefore, in light of the principle that intentional acts cannot form a basis for a negligence claim, Plaintiff does not state a plausible claim for negligence *per se*. Accordingly, the Court overrules Plaintiff's objections as to Count XII.

After reviewing the record and the objections to the R&R, and having made *de novo* determinations with respect thereto, the Court hereby **OVERRULES** Plaintiff's Objections (Dkt. 27) and **APPROVES** and **ADOPTS IN FULL** the findings Judge Davis set forth in the R&R (Dkt. 26).

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. 20) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Count I (Conversion of Funds from Business Accounts). The Motion is **DENIED** as to Counts II and III (Identity Theft Pursuant to Va. Code § 18.2-186.3), IV (Aggravated Identity Theft, 18 U.S.C. §§ 1028A, 1344), V (Forgery and Uttering), VI (Federal Tax Fraud), VII (Maryland Tax Code § 13-1024 – Willfully Providing False Tax Information), VIII (Code of Virginia § 58.1-452 – Fraudulent Returns), IX (Conversion of Audi SUV), X (Conversion of Costco Account), XI (Intentional Infliction of Emotional Distress), and XII (Willful and Wanton Negligence, Gross Negligence); it is further

**ORDERED** that Plaintiff's Objections to the R&R (Dkt. 27) are **OVERRULED**; and it is further

**ORDERED** that judgment is **ENTERED** by default in favor of Plaintiff Vicky Hoang Nguyen and against Defendant Khoa Dang Hoang, in the amount of $ 133,648.00.

The Clerk of Court is directed to enter judgment in favor of Plaintiff, and against Defendant, as set forth above, pursuant to Federal Rule of Civil Procedure 55. The Clerk is further directed to forward a copy of this Order to all parties of record.

To appeal this decision, a party must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order the party wants to appeal. The party need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives the party's right to appeal this decision.

Entered this 11th day of March, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge